Connolly, J.
This civil action in negligence arises from a motor-vehicle intersection accident which took place on August 28, 1997. The plaintiff alleges that she has suffered soft tissue injuries, and was treated, inter alia, by Ronald Kaplan, M.D. of Brookline and with a chiropractor. The chronology thereafter is as follows:
4/7/99 — suit commenced
4/5/00 — pretrial conference held and the trial date of 8/7/00 agreed to by both parties
7/14/00 — Motion to postpone trial date (assented to) filed and denied on 7/19/00 (Brady, J.)
7/27/00 — Emergency motion for hearing on Motion to Postpone Trial date, filed and denied on 7/28/00 (Brady, J.)
7/ 28 / 00 — plaintiff served supplemental answers to expert interrogatories, indicating an intent to call an alleged expert witness (an accident reconstructionist, namely John M. Orlowski). The answer was served on a Friday (11 days before trial and five business days before trial).
7/31/ 00 — On Monday, the defendant files this motion in limine to exclude the expert testimony of John M. Orlowski.
On August 2, 2000, the Court held a hearing on this motion with both parties present and on the stenographic record.
Mass.R.Civ.P. 26(e) requires a party to seasonably supplement its answer to expert witness interrogatories. “In context, this means soon enough to do the discovering party some good.” Smith and Zobel, Evidence, Mass. Practice, Vol. 7 §26.8, p. 217-220, 2000 Pocket Part, p. 40-41. Derby Refining Co. v. Chelsea, 407 Mass. 703, 716, n.11 and Holiday Inns, Inc. v. Robertshaw Controls, 560 F.2d 856 (7th Cir., 1977). Basically, this Court construes “seasonably” to mean to give the opposition notice of the expert testimony, and in the circumstances of this case to give opposing counsel time to hire an expert to examine the proposed expert’s opinions, to seek to depose the proposed expert, and possibly to retain an expert to rebut the offering party’s expert. In this case, plaintiffs counsel served the expert answers on 7/28/99 five business days before a trial date agreed to by both parties on 4/5/00.
This Court can see no reason why plaintiff s counsel did not retain her expert and supplement her expert answers in a timely manner. Here, the plaintiff first filed her expert answers on the very day (7/28/00) that the Court (Brady, J.) denied the plaintiffs second motion to continue. This is not a case where the plaintiff is merely substituting one expert for another due to unavailability, or where the subject matter of the expert's testimony was previously known to defendant’s counsel. Basically, what has happened here is a very unfair practice by plaintiffs counsel of serving these expert answers 11 days before trial (and 5 business days before trial) to opposing counsel who never know that an expert accident reconstructionist was going to be used. Plaintiffs counsel’s late move has prejudiced the defendant.
The next question to be faced is what is the appropriate remedy for the violation of Mass.R.Civ.P. 26(e). It is somewhat akin to the situation in a criminal case where the Court finds a violation of a discovery order, and the Court is asked to fashion a remedy. Commonwealth v. Durning, 406 Mass. 485, 494-98 (1989), and Commonwealth v. Reynolds, 429 Mass. 388, 396-400 (1999). As in Reynolds, supra at 399, ”[T]he question that remains is whether less severe sanctions [are] appropriate. [T]he preclusive sanction should be reserved for ‘hard case transgressions.’ ”
On the civil side, the rule regarding the remedy to be fashioned for a violation may be more flexible. However, a party should be able to properly try its case in a fair and just way. Therefore, the Court enters the following Order:
The Motion in limine to be exclude the evidence is DENIED. However it is further ordered that:
*129 1. Defendant’s counsel shall have the right to depose John M. Orlowski. All fees and charges for Mr. Orlowski’s time, travel, preparation and testimony shall be paid by plaintiffs counsel.
2. Defendant shall have the right to retain her own accident reconstruction expert, and to supplement the defendant’s expert answers to interrogatories in a seasonable manner (but in light of the time restraints).
3. Plaintiffs counsel shall pay the amount of $500 in costs and sanctions to the defendant’s counsel, within three days of the date of this order, for requiring defendant’s counsel to have to bring and argue this motion.
4. The trial of this case is continued to August 28, 2000 at 9:00 a.m.